UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

PROPERTY TAX ALLIANCE GROUP, LLC

    Plaintiff,                                        Case No.:

v.

PROPERTY TAX APPEAL GROUP, LLC,

    Defendant.

_____/

**COMPLAINT FOR TRADEMARK**
**INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff, Property Tax Alliance Group, LLC ("Alliance Group" or "Plaintiff"), by and through their undersigned attorneys, for their Complaint against Defendant, Property Tax Appeal Group, LLC's ("Appeal Group" or "Defendant"), respectfully alleges as follows:

**INTRODUCTION**

1. Plaintiff Alliance Group owns valuable rights in its word mark PTAG (the "PTAG Mark") and its federally registered logo having U.S. Trademark Registration No. 4954451 (the "PTAG Logo"):



.

Plaintiff has extensively used its PTAG Mark and PTAG Logo to identify its property tax consulting services. This case arises from Defendant's willful infringement upon Plaintiff's trademark rights by offering tax appeal services to customers using Plaintiff's PTAG Mark. By its actions, Defendant is liable for false description of services in violation of the Lanham Act of 1946, as amended, 15 U.S.C. §1051, *et seq.* (Claim I); false designation of origin in violation of the Lanham Act of 1946, as amended, 15 U.S.C. §1051, *et seq.* (Claim II); and for trademark infringement under the common law of the State of Florida (Claim III); and unfair competition under the common law of the State of Florida (Claim IV). Plaintiffs have no adequate remedy at law.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. §§ 1114, 1116, 1118, 1121 and 1125; 28 U.S.C. § 1331; and 28 U.S.C. §§ 1338(a) and 1367, because this case involves a federal question arising under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

3.  Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391 and Fla. Stat. § 48.193 because upon information and belief the Defendants, sell the infringing goods in this district, committed the tortuous acts complained of in this District and is engaged in substantial and not isolated activity within this state.

## THE PARTIES

4.  Plaintiff Alliance Group is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 1640 W. Oakland Park Boulevard, Suite 402, Ft. Lauderdale, FL 33311. Alliance Group is the sole owner of the PTAG Mark and the registered PTAG Logo.

5. Upon information and belief, Defendant Appeal Group is a corporation organized and existing under the laws of Florida, having a business address at 1060 East 33rd Street, Suite B, Hialeah, FL 33013. Upon information and belief, Defendant provides property tax appeal services using the PTAG Mark.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. Alliance Group, its PTAG Mark and its PTAG Logo

6. Alliance Group has been doing business under the mark PTAG (including as part of the PTAG Logo) since at least as early as April 3, 2008 for property tax consulting services.

7. Alliance Group has been using its registered PTAG Logo since at least as early as February 1, 2015.

8. The PTAG Logo has been registered at the U.S. Patent and Trademark Office since May 10, 2016.

9. The term PTAG is the dominant portion of the PTAG Logo.

10. Alliance Group has been using the PTAG Mark since at least as early as 2005.

11. Alliance Group has been using the PTAG Mark on its webpages since at least as early as April 3, 2008.

12. As a result of its use of the PTAG Mark for over ten (10) years, Alliance Group has developed extensive common law trademark rights in the PTAG Mark.

13. The PTAG Mark and the PTAG Logo are inherently distinctive and serve to identify Alliance Group as the source of the services associated with these marks.

14. Due to Alliance Group's popularity and the significant advertising and promotional activities undertaken in connection with these marks, including at Alliance Group's

website, *htttps://www.taxflorida.com/*, the PTAG Mark and the PTAG Logo are widely recognized by the general consuming public seeking property tax consulting services.

**B.      Defendant's Infringing Conduct**

15.      Defendant Appeal Group has been using the term PTAG to identify its services since August 2010, long after Alliance Group had established its trademark rights to the PTAG Mark.

16.      Since 2011, Appeal Group has been offering its property tax appeal services using the PTAG Mark with a stylized design on its website and marketing materials as shown below:



17.      Defendant has offered for sale and sold property tax appeal services using the PTAG Mark and its design using the PTAG Mark since at least 2011 through multiple channels, including by advertising such services through its website at *http://www.ptagflorida.com/*.

18.      Defendant is not authorized by Alliance Group to use the PTAG Mark, or any variation of the mark.

19.      Defendant's use of the PTAG Mark to promote virtually identical services as Alliance Group is likely to cause confusion, and to cause the public to mistakenly believe that Appeal Group has sponsored, authorized, or licensed infringing services, or that Defendant is otherwise affiliated with Alliance Group.

## COUNT I
## FALSE DESCRIPTION THROUGH USE OF THE PTAG MARK
## (15 U.S.C. § 1125)

20. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 above as if fully set forth herein.

21. Defendant's unauthorized use of the PTAG Mark in connection with virtually identical services as covered by the PTAG Mark, constitutes infringement of Plaintiff's rights by providing a false description of Defendant's services, and is likely to confuse the public into believing that the services offered by Defendant are offered, sponsored, authorized, licensed by or otherwise affiliated with Alliance Group or come from the same source as Alliance Group's services.

22. Defendant's use of the PTAG Mark is without Alliance Group's permission or authority.

23. Defendants' unauthorized use of the PTAG Mark in commerce constitutes the use false designation of origin and false descriptions that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Alliance Group, or as to the origin, sponsorship or approval of Defendant's goods and services.

24. Defendant's activities have been with full knowledge of Alliance Group's rights.

25. Defendant's willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Alliance Group's rights, business, goodwill and reputation and, unless restrained, will cause further irreparable injury and damage, leaving Alliance Group with no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN THROUGH USE OF THE PTAG MARK
## (15 U.S.C. § 1125)

26. Alliance Group repeats and realleges the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

27. The PTAG Mark and the PTAG Logo are inherently distinctive, have achieved a high degree of consumer recognition, and serve to identify Alliance Group as the source of the services associated with these marks.

28. Defendant's unauthorized use of the PTAG Mark in commerce constitutes a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Alliance Group, or as to the origin, sponsorship or approval of Defendant's services.

29. Defendant's use of the PTAG Mark is without Alliance Group's permission or authority.

30. Defendant's activities have been with full knowledge of Alliance Group's rights.

31. Defendant's willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Alliance Group's rights, business, goodwill and reputation and, unless restrained, will cause further irreparable injury and damage, leaving Alliance Group with no adequate remedy at law.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

32. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

33. Plaintiff has continuously advertised, promoted, offered for sale, sold and distributed its services in the State of Florida under the PTAG Mark.

34. Defendant's use of the PTAG mark as more fully described above violates the common law of the State of Florida, in that it is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's services.

35. Defendant's use of the PTAG mark is without Plaintiff's permission or authority and has been with full knowledge of Plaintiff's rights.

36. Defendants' intentional use of an identical mark and acts of infringement have caused and are causing great and irreparable injury and damage to Plaintiff, including with respect to its trademark rights, business, goodwill and reputation and, unless restrained, will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

38. The PTAG Mark is inherently distinctive, have achieved a high degree of consumer recognition, and serve to identify Alliance Group as the source of the services associated with these marks.

39. Defendant's unauthorized use of the PTAG Mark in commerce constitute unfair competition under the common law of Florida.

40. Defendant's use of the PTAG Mark is without Alliance Group's permission or authority.

41. Defendant's activities have been with full knowledge of Alliance Group's rights.

42. Defendant's' willful and intentional acts of unfair competition have caused and are causing great and irreparable injury and damage to Alliance Group's rights, business, goodwill and reputation and, unless restrained, will cause further irreparable injury and damage, leaving Alliance Group with no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Alliance Group respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A. Granting permanent injunctive relief restraining Defendant, its employees, agents, officers, directors, licensees, attorneys, successors, affiliates, subsidiaries, and assigns and all those in active concert and participation with any of them, from:

(1) Using or contributing to the unauthorized use of the PTAG Mark or any mark confusingly similar thereto in connection with the advertising, promotion and offering of any goods or services related to the services offered by Alliance Group under the PTAG Mark.

(2) Committing any other act which falsely represents or which has the effect of falsely representing that the goods or services of Defendant are licensed by, authorized by, offered by, sponsored by, or in any other way affiliated with Alliance Group;

(3) Otherwise infringing upon and/or counterfeiting, or contributing to the infringement or counterfeiting of the PTAG Mark;

(4) Otherwise infringing upon or contributing to the infringement of the PTAG Mark;

    (5)  Otherwise unfairly competing with Alliance Group;

    (6)  Aiding, assisting or abetting any other party in the acts prohibited by subparagraphs (1) through (5) above.

  B.  Awarding Alliance Group damages with respect to Counts I and II, treble damages pursuant to 15 U.S.C. § 1117(a) or 15 U.S.C. § 1117(b), or statutory damages pursuant to 15 U.S.C. § 1117(c), attorneys fees pursuant to 15 U.S.C. § 1117(a) or 15 U.S.C. § 1117(b), as applicable, costs and such other and further relief as the Court deems just and proper.

Dated: December 26, 2017      Respectfully submitted,

               PERETZ CHESAL & HERRMANN, P.L.
               *Counsel for Alliance Group*
               2 S. Biscayne Blvd., Suite 3700
               Miami, Florida 33131
               Tel: 305-341-3000
               Fax: 305-371-6807

               By: s/ Steven I. Peretz
                 Steven I. Peretz
                 speretz@pch-iplaw.com
                 Fla. Bar. No. 329037